UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHONTA ROSE-SCOGGINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT CARTER, ANDREW DAVIS AND DOES 1-5,<br><br>　　　　　Defendants. | No.  2:15-cv-02546-TLN-CKD<br><br>SUA SPONTE REMAND ORDER |

　　　　This matter is before the Court pursuant to Defendants Robert Carter and Andrew Davis' ("Defendants") Notice of Removal and Motion to Proceed in Forma Pauperis.  (ECF Nos. 1–3.)  For the reasons set forth below, Defendants' Motions to Proceed in Forma Pauperis are GRANTED.  The Court hereby remands the action to the Superior Court of California, County of San Joaquin, due to lack of subject-matter jurisdiction.

**I.　　FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

　　　　On or about October 2, 2015, Plaintiff Shonta Rose-Scoggins ("Plaintiff") brought an action against Defendants for possession of the real property known as 2106 Calhoun Court, Tracy, San Joaquin County, California, 95376 ("the Property").  (Notice of Removal, ECF No. 1 at 6.)  The Complaint alleges that Defendants entered into a lease with Plaintiff to pay rent in the amount of $2,945.00 per month.  (ECF No. 1 at 6.)  Plaintiff asserts that Defendants were

1  provided 60-day notice to pay rent or quit possession of the property, but Defendants failed to do
2  so.  (ECF No. 1 at 7.)

3  On December 9, 2015, Defendants filed a Notice of Removal removing this unlawful
4  detainer action from the San Joaquin County Superior Court.  (ECF No. 1.)

## II.  STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 386.  Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III.  ANALYSIS

Defendants removed this case to this Court on the basis of federal question jurisdiction.  Defendants argue that a federal question of law exists because Defendants filed a demurrer in state court, which they allege was a pleading that depended on the "determination of Defendants' rights and Plaintiff's duties under federal law."  (ECF No. 1 at 2.)  Defendants do not specify which rights and federal laws are implicated by their demurrer.

The Complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 5–8.) Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. The instant Complaint relies solely on California state law and does not mention expressly or impliedly any federal law. The well-pleaded complaint rule makes the plaintiff the master of his claim, so he may avoid federal jurisdiction by basing his claim exclusively on state law, as is the case here. *Caterpillar*, 482 U.S. at 392.

Defendants appear to allege that a federal question of law arises in their demurrer, but they fail to indicate what that federal question might be; nor does the demurrer provide any clues. Even if Defendants' demurrer did provide a federal question, it would not provide a basis for removal. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43.

In summary, the state court Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law and not under federal law. Thus, this action does not arise under federal law and no other grounds for federal jurisdiction are apparent. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

### IV. CONCLUSION

Thus for the reasons stated above, Defendants' motions to proceed in forma pauperis (ECF No. 2, 3) are GRANTED, and the Court hereby remands this action to the Superior Court of California, County of San Joaquin.

IT IS SO ORDERED.

Dated:  December 10, 2015

Troy L. Nunley
United States District Judge